FILED
FEB 20 2007
DAVID CREWS, CLERK
By_____ Deputy

DELTA DIVISION OF THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF MISSISSIPPI

| | | |
|---|---|---|
| FRANCES ROBERTSON and TIM ROBERTSON, Plaintiffs, | § § § § | CASE NO. 2:07CV027-M-A |
| vs. | § § | |
| MERCK & CO., INC., Defendant. | § § § | JURY TRIAL DEMANDED |

## COMPLAINT

Now comes FRANCES ROBERTSON and TIM ROBERTSON and file this suit against Defendant Merck & Co., Inc. ("Merck" or "Defendant"), complaining about the personal injuries to Frances Robertson.

## PARTIES

1. Plaintiffs are citizens and residents of the State of Mississippi, residing in Batesville, Mississippi.

2. Defendant Merck & Co., Inc. is a pharmaceutical company. At all times herein mentioned, Defendant was and is a New Jersey corporation, with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889-0100.

At all times herein mentioned, Defendant did business in the States of New York and Mississippi.

## JURISDICTION AND VENUE

Jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. The actions giving rise to this cause of action happened within this District, and the Defendant Merck & Co., Inc., transacted business and is, thus,

"found" throughout the State of Mississippi. Therefore, venue is permissible in this District pursuant to 28 U.S.C. §1391.

## Nature of the Case

This is a Mississippi diversity, products liability and personal injury case arising out of the influence of a drug, Fosamax, produced and manufactured by Merck & Co., Inc.

## Facts

It has become necessary to file this suit as a result of the following facts.

1.. Defendant designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

2. Fosamax is the brand name of alendronate sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is taken orally.

3. Fosamax was approved by the United States Food and Drug Administration for treatment of osteoporosis.

4. The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

5. In 2002 or before, Defendant knew or should have known that a physician reported that several of his patients who were given Aredia, another bisphosphonate, were diagnosed with osteonecrosis of the jaw and that the physician believed a causal relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

6. Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, also a bisphosphonate. The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients" and determined

that "bisphosphonates may be at least partially responsible." Ruggiero, et al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases, "<u>Journal of Oral and Maxillofacial Surgery</u>, Vol. 62, p. 533 (2004).

7.   In September 2004 and May 2005, another manufacturer sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of its bisphosphonates, Aredia and Zometa.

8.   Defendant never issued any warnings or changed its product literature to warn of the risk of osteonecrosis of the jaw.

9.   Plaintiff, Frances Robertson, was prescribed and took Fosamax.

10.  As a result of taking Fosamax, Plaintiff, Frances Robertson, developed osteonecrosis of the jaw.

11.  As a result of taking Fosamax Plaintiff suffered compensable injuries, including but not limited to the following:

    a. severe and permanent physical and medical injuries and associated disabilities;

    b. severe past and future pain and suffering;

    c. severe past and future mental anguish;

    d. loss of enjoyment of life;

    e. increased risk of health problems;

    f. past and future medical care and monitoring; and

    g. loss of past and future income.

### Legal Theories and Causes of Action

All of these facts are cognizable under several well-recognized theories of law in Mississippi as follows:

FIRST: Defendant Merck Co., Inc. are strictly liable for designing and manufacturing a defective product and for marketing it with inadequate and/or legally defective labeling and via material misrepresentations. Restatement (Second) of Torts, §§402A and 402B, and the new Restatement (Third).

SECOND: Defendant is liable because Fosamax was defective and potentially harmful to its consumers/users, including Plaintiff, Frances Robertson and because adequate warnings were not provided with the product or after manufacture, and as such was unsafe to an extent beyond that contemplated by an ordinary user and consumer.

THIRD: Defendant's conduct is unreasonable, or negligent, and was a proximate cause of Plaintiffs' injuries. The manufacturer was negligent for failing to warn, failing to test or otherwise to investigate Fosamax, and for misrepresenting and promoting this drug.

Defendant had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distribution and selling Fosamax, including a duty to assure that users, like Plaintiff, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

FOURTH: Defendant expressly and impliedly warranted, by and through statements made by Defendant or its authorized agents, that Fosamax was safe, effective, merchantable quality and fit for its intended use.

Plaintiff, and her agents, relied on the skill, judgment and representations of Defendant Merck.

Fosamax did not conform to Defendant's express warranties and was not of merchantable quality or safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

As the proximate cause and result of Defendant's breach of its expressed and implied warranties, Plaintiff was injured.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Frances Robertson and Tim Robertson respectfully prays for relief and judgment against the defendant, Merck & Co., Inc. as follows:

1. Compensatory damages in amount to be determined at trial;
2. Attorneys' fees, expenses, and costs of this action; and
3. For any other relief this Court deems just and proper under the circumstances.

### **Jury Demand**

Plaintiffs hereby invoke their constitutional right to trial by jury.

WHEREFORE, Plaintiffs pray that Defendant Merck & Co., Inc. be cited to appear and answer herein, and that, after a trial, they receive such monetary damages and other relief, including all other general and special damages allowable by law, as are appropriate under the law and the facts.

DATED this 16th day of February, 2007.

Respectfully submitted,

_____
W. HOWARD GUNN
310 SOUTH HICKORY STREET
P.O. Box 157
Aberdeen, Mississippi 39730
Telephone: (662) 369-8533
MSB NO. 5073
**ATTORNEY FOR PLAINTIFFS**

-6-

OF COUNSEL:
VICKERY & WALDNER, LLP
Paul Waldner
Texas State Bar No. 20679800
Richard W. Ewing
Texas State Bar No.: 06756000
One Riverway Drive, Suite 1150
Houston, TX 77056-1920
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: paul@justiceseekers.com
Email: rick@justiceseekers.com
(Admission *pro hac vice* to be sought)